In re Sarah R. PISANO, Debtor.

AMERICAN COMMERCIAL CAPITAL
CORP. (former) Plaintiff,

and

Daniel L. Bakst, Trustee,
(substituted) Plaintiff,

v.

Sarah R. PISANO, Defendant.

Bankruptcy No. 89–00683–BKC–TCB.
Adv. No. 89–0241–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Oct. 13, 1989.

Gary J. Rotella, Ft. Lauderdale, Fla., for plaintiff.

Philip M. Berman, Pompano Beach, Fla., for debtor.

Ellen Walker, New York City, for voluntarily dismissed plaintiff.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

## ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

THOMAS C. BRITTON, Chief Judge.

The debtor/defendant's motion (CP 22) for relief from judgment addressed to the Memorandum Decision and Judgment of August 18, 1989 was heard on September 26. This matter was heard in Judge Britton's absence and decided upon consultation with him and upon review of each party's memorandum of final argument (CP 27 and 28).

The complaint sought denial of discharge, and judgment was granted in favor of plaintiff under 11 U.S.C. § 727(a)(5). The debtor's motion reinvites this court's attention to the debtor's deposition testimony and the affidavit (CP 23) attempts to supplement the evidence. The debtor did not appear for trial. Her deposition testimony was the only evidence before this court.

The motion is here under B.R. 9024, which incorporates by reference Rule 60, Fed.R.Civ.P. The motion fails to state any ground for relief.

The motion sets forth:

"the reason/the explanation for the removal of the antiques by the husband, etc. was not in the record...."

The debtor now provides information previously withheld, but cannot, nor does she try to, claim that this is "newly discovered" evidence. The debtor is incorrect in asserting "that the Interrogator did not ask the Debtor why the husband was doing this to all of their personal belongings." (CP 22 at 2). Six pages of the deposition tran-

script contain questions relating to this subject. Excerpts from these pages (pp. 65–68, 70, 78) are noted in the Memorandum Decision (CP 21) and the trustee's response to motion for relief from judgment (CP 28).

The debtor's excuse that her testimony was as candid as it could be under the circumstances,[1] provides no ground for this court to recede from the conclusion reached on the basis of the trial record that a satisfactory explanation was not provided for the loss or disappearance of assets.

The debtor has not furnished any reason which would justify the relief she now seeks under Rule 60(b), and I am aware of none. Notwithstanding the post-trial explanation and the debtor's protestations, I remain convinced that discharge was properly denied under § 727(a)(5).

The motion for relief from judgment is denied.

DONE and ORDERED.

---

1. The debtor now asserts that she was not "clear headed enough at the deposition" due to medication taken for an angina attack a month or two before, and she did not "volunteer" information about her husband's dealings with "il- legal loan sharks". Her physician's letter dated July 6, 1989 submitted with the affidavit was not previously offered to excuse the debtor from the deposition of May 18, 1989 (Ex. 1). She sought no protective order at that time.